ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Jan-29 14:21:42
60CV-18-594
C06D05 : 10 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**ROBERT A. HARRELL**                                                                **PLAINTIFF**

**V.**                                         **No. : _____**

**FEDERAL EXPRESS CORPORATION**                                         **DEFENDANT**

## COMPLAINT

**NOW COMES** Robert A. Harrell, hereinafter called Plaintiff, by and through counsel, and for his cause of action, shows unto the Court the following:

## PARTIES

1.  Plaintiff is an individual and resident of the State of Alabama, who brings this action against Defendant claiming damages arising out of an act of negligence involving a tractor-trailer and an automobile, which occurred on December 29, 2016, near the interchange of Interstates 40 and 440 in Pulaski County, Arkansas. At the time of the events giving rise to this cause of action on December 29, 2016, Plaintiff was an individual and resident of Texas.

2.  Defendant Federal Express Corporation is a foreign corporation formed in the State of Delaware, with its principal place of business being Memphis, Tennessee, Defendant is the owner of the commercial tractor-trailer involved in the aforementioned crash on December 29, 2016. At all times relevant herein, the tractor-trailer owned by the Defendant at issue in this litigation was pulling two trailers, the 2nd on which can be identified by trailer number 826455. Federal Express Corporation may be served with

- 1 -

process through its agent for service of process, The Corporation Company, 124 West Capitol Avenue, Ste. 1900, Little Rock, Arkansas 72201.

3. Complete diversity of citizenship exists between the Plaintiff and Defendant, and the amount in controversy far exceeds that which is required for federal diversity of citizenship cases, exclusive of interest and costs.

## JURISDICTION

4. Plaintiff incorporates all of the allegations contained in Paragraphs 1 -3 above.

5. The negligent acts complained of in this Complaint occurred in Pulaski County, Arkansas.

6. This Court has jurisdiction over the parties and the subject matter, and venue is appropriate. The assumption of jurisdiction over the parties will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

## FACTS

7. Plaintiff incorporates all of the allegations contained in Paragraphs 1 -6.

8. The individual operating the tractor trailer at issue in this cause of action was at all times relevant to this action an employee, servant, and authorized agent of Defendant Federal Express Corporation and was acting within the course and scope of employment.

9. The driver referenced in the paragraph immediately preceding was licensed to drive commercial motor vehicles by obtaining a Commercial Driver's License.

10. On December 29, 2016, Plaintiff Robert A. Harrell was driving a 2013 GMC

Yukon Denali in a westbound direction at the interchange of Interstate 40 and Interstate 440 in Pulaski County, Arkansas.

11. Also on December 21, 2015, a tractor-trailer pulling two trailers owned by the Defendant was traveling in the same direction at the interchange of Interstate 40 and Interstate 440 in Pulaski County, Arkansas.

12. At or around 11:00 a.m., the Federal Express Corporation tractor-trailer, suddenly and without warning, crossed multiple lanes of traffic from the far left lane to the far right lane, forcing the Plaintiff off the road by requiring him to use an emergency evasive action, causing severe bodily injury. The Defendant did not stop to render aid or check on the Plaintiff.

13. At all times relevant herein, the operator of the tractor-trailer owned by the Defendant was operating in an unsafe and distracted manner by operating a cell phone.

14. As a result of the crash, Plaintiff Robert A. Harrell was seriously injured and had to receive medical treatment as a result of his injuries.

15. At all times, Plaintiff was observing the posted speed limit and rules of the road.

## CAUSES OF ACTION 1 AND 2: NEGLIGENCE AND NEGLIGENCE *PER SE*

16. Plaintiff hereby adopts and restates paragraphs 1 -15 of this Complaint.

17. The operator of the tractor-trailer owned by the Defendant was at all times relevant to this action an employee, servant, and authorized agent of Defendant Federal Express Corporation and was acting within the course and scope of his employment.

18. The negligent, careless, and reckless disregard of duty of Defendant Driver

consists of, but is not limited to, the following acts and omissions:

    a. Operating a tractor-trailer at a speed greater than what was reasonable and prudent under the circumstances and given the traffic conditions;

    b. Failing to keep a careful lookout;

    c. Failing to slow the tractor-trailer in accordance with the speed of traffic ahead;

    d. Failing to keep the tractor-trailer under control;

    e. Filing to apply the brakes for the tractor-trailer in a timely manner to avoid or mitigate injuries and damages;

    f. Failing to stop, swerve or otherwise act to apply evasive or emergency maneuvers after the driver knew, or by reasonable care should have known, that there was a reasonable likelihood that the tractor-trailer would cause the vehicle behind it to strike it, causing personal injury or even death; and

    g. failing to maintain his lane of traffic.

19. In addition, operator of the tractor-trailer owned by the Defendant failed to use the ordinary and reasonable care required under the circumstances by engaging in the following separate and independent acts and omissions:

    a. Operating a commercial motor vehicle in a fatigued and/or otherwise impaired condition; and

    b. Operating a commercial motor vehicle in a careless and imprudent manner.

20. All of the injuries and damages complained of herein were foreseeable and proximately resulted from negligence of operator of the tractor-trailer owned by the Defendant.

21. The above alleged negligent acts were not in compliance with the training

- 4 -

that the operator of the tractor-trailer owned by the Defendant should have received in order to obtain his Commercial Driver's License.

22. At the time of the collision described above, the operator of the tractor-trailer owned by the Defendant had a duty to follow the common law rules of the road and violated certain of those rules of the road, including but not limited to:

    a. Failing to keep a lookout for other vehicles on the highway, which a reasonably careful driver would keep under similar circumstances;

    b. Failing to keep the tractor-trailer under the same level and degree of control maintained by a reasonably careful driver under similar circumstances;

    c. In failing to drive a tractor trailer at a speed no greater than was reasonable and prudent under the circumstances, having disregard for any actual or potential hazards.

The failure to meet the standard of conduct required by the aforementioned common law rules of the road was negligence.

23. At all relevant time periods, the operator of the tractor-trailer owned by the Defendant was a driver and operator of a "commercial motor vehicle" as defined by 49 C.F.R. parts 382 *et seq.* of the Federal Motor Carrier Safety Regulations. These federal regulations imposed certain mandatory duties and prohibitions upon Defendant Driver to ensure that in driving a commercial motor vehicle, he conducted himself in a manner that protected public health, safety, and welfare.

24. The operator of the tractor-trailer owned by the Defendant violated Federal Motor Carrier Safety Regulations, including but not limited to:

    a. Violation of §392.2 in failing to operate a commercial motor vehicle in accordance with the laws, ordinances, and regulations of the state

of Arkansas;

    b.    Violation of §392.3 providing that no driver shall operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate a commercial motor vehicle; and

    c.    Violation of §392.14 requiring extreme caution and reduced speed when hazardous conditions exist.

25.     The federal motor carrier laws, as implemented in the Federal Motor Carrier Safety Regulations, 49 C.F.R. Parts 382 *et seq.*, including those sections cited above, are adopted and enforced by the State of Arkansas as standards and law of this State, pursuant to the Arkansas Uniform Commercial Driver License Act, Arkansas Code sections 27-23-101 et seq., and the Arkansas State Highway Commission Regulations, Minute Order revisions, and Commercial Motor Carriers, Rule 17.1.

26.     The operator of the tractor-trailer owned by the Defendant also violated laws and regulations enacted in the State of Arkansas governing the operation of motor vehicles on the roads and highways of this State, including but not limited to:

    a.    Violation of Arkansas Code section 27-51-104(a) providing it is unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares in the State of Arkansas;

    b.    Violation of Arkansas Code section 27-51-104(b) providing it shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts;

        1.    To operate any vehicle in such a manner which would cause a failure to maintain control; and

        2.    To operate a vehicle in any manner, when the driver is inattentive, and such inattention is not reasonable and prudent in maintaining vehicular control;

  c.    Violation of Arkansas Code section 27-51-201(a)(1) mandating that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing; and

  d.    Violation of Arkansas Code section 27-51-201(d) providing that the driver of every vehicle shall drive at an appropriate reduced speed when special hazard exists with respect to other traffic or highway conditions.

27.    Prior to and/or at the time of the collision, the operator of the tractor-trailer owned by the Defendant violated each of the above-cited safety laws and regulations.

28.    The violations of these safety laws and regulations are negligence per se and are further evidence of the negligent conduct of the operator of the tractor-trailer owned by the Defendant.

29.    The personal injuries incurred by the Plaintiff are the type of injuries the above-cited safety law and regulations were designed to prevent.

30.    Prior to and at the time of the crash on December 29, 2016, when the operator of the tractor-trailer owned by the Defendant was operating the tractor-trailer and caused the wreck, he knew, or in the exercise of ordinary care should have known in light of the surrounding circumstances, that the above-described conduct would naturally and probably result in injury to others, yet he continued the conduct in reckless disregard of the consequences from which malice may be inferred. Thus, punitive damages should be imposed in this case.

31. The Plaintiff is entitled to recover damages for the loss of any and all personal property lost due to the crash.

32. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Robert A. Harrell was caused to suffer serious personal injuries which caused them to incur the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Pulaski County, Arkansas.

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Physical pain and suffering in the past;

    D. Physical pain and suffering in the future;

    E. Physical impairment and disfigurement in the past;

    F. Physical impairment and disfigurement which, in all reasonable probability, will be suffered in the future;

    G. Loss of earnings in the past;

    H. Loss of earning capacity which will, in all probability, be incurred in the future;

    I. Property damages;

    J. Mental anguish in the past;

    K. Veterinarian Bills in the past; and

    L. Mental anguish in the future.

33. As a direct and proximate result of the negligent conduct attributable to the

Defendants, Plaintiff has sustained serious and permanent injuries to person and body and resulting incapacities and/or damages well in excess of $75,000.00, exclusive of interest and costs, which constitute the minimum amount-in-controversy required to invoke potential federal diversity jurisdiction.

## **DEMAND FOR JURY**

34.     The Plaintiffs request that a jury be convened to try the factual issues in the cause.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Robert A. Harrell prays for judgment against the Defendant as follows:

1.  For damages against Defendants in an amount commensurate with the injuries and damages sustained.
2.  For all general and special damages sustained that were caused by the Defendant's alleged conduct.
3.  For punitive damages sufficient to punish Defendants their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Plaintiff and to deter Defendants and others from ever repeating such actions.
4.  For costs of Court and litigating this case.
5.  For all further relief, general and special, both in law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully Submitted:

HARRELSON LAW FIRM, P.A.
Post Office Box 40 (75504)
300 State Line Avenue
Texarkana, Arkansas 71854
Tel.: (870) 772-0300
Fax: (870) 772-0302

BY: /s/ Steve Harrelson
Steve Harrelson
　　Ark. Bar No. 2000086
　　La. Bar Roll No. 28361
　　Tex. Bar No. 24036729

and

Cade W. Browning
Browning Law Firm, PLLC
Post Office Box 1600
Abilene, Texas  79604
Tel.: (325) 437-3737
Fax: (325) 437-1799
E-Mail: cade@browningfirm.com


Attorneys for Plaintiff
Robert A. Harrell